IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10666
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RIGOBERTO RUIZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-147-2-Y
--------------------
May 4, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel representing Rigoberto Ruiz has moved for leave to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Ruiz was provided with a copy of counsel's Anders motion and brief. Ruiz has filed a response challenging the constitutionality of his stop, search, arrest, detention, interrogation, and cooperation with the authorities; challenging the sufficiency of the evidence; alleging misconduct by law enforcement officers and prosecutors; and alleging that he received ineffective assistance

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from his trial counsel.  Ruiz asks this court to deny counsel's <u>Anders</u> motion and to appoint new appellate counsel or permit him to proceed pro se.

The record has not been adequately developed for us to consider Ruiz's ineffective assistance arguments in this direct appeal.  <u>See</u> <u>United States v. Higdon</u>, 832 F.2d 312, 314 (5th Cir. 1987).  With respect to Ruiz's remaining claims, our independent review of the record, counsel's brief, and Ruiz's response shows that there are no nonfrivolous issues for appeal.  Consequently, Ruiz's motion to substitute counsel or, alternatively, for leave to proceed pro se is DENIED AS MOOT, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  <u>See</u> 5th Cir. R. 42.2.